UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | | |
|---|---|---|
| NOAH BANK, | : | Case No. 1:18-cv-09444 |
| | : | |
| PLAINTIFF, | : | |
| | : | **COMPLAINT** |
| v. | : | |
| | : | |
| BISTRO MARKETPLACE 17, INC., | : | |
| And 52 JP PARK CORP. | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |

------------------------------------------------------X

The plaintiff NOAH BANK, by its attorneys, The Basil Law Group, P.C., alleges for its complaint against Defendants BISTRO MARKETPLACE 17, INC. and 52 JP PARK CORP. as follows:

### PARTIES

1. Plaintiff Noah Bank is a Pennsylvania banking corporation with its home office located at 7301 Old York Road, Elkins Park, Pennsylvania.  Its principal place of business is located at 2337 Lemoine Avenue, Fort Lee, New Jersey.

2. Defendant Bistro Marketplace 17, Inc. ("Bistro") is a New York corporation with its principal place of business located at 312 West 34th Street, New York, New York.

3. Defendant 52 JP Park Corp. ("52 JP") is a New York corporation with its principal place of business located at 144  East 52nd Street, New York, New York.

4. Bistro has been since September 26, 2016, the obligor on a certain note (the "Note") in the initial amount of $2,000,000 in favor of Noah Bank representing a loan obligation for Loan #4024170000 (the "Loan"), as well as other obligations as described in this Complaint.

5.  Bistro has defaulted on its obligations under the Note, and the amount due to Noah Bank currently totals $1,780,344.14, not including costs of collection.

6.  52 JP is named as a defendant in its role as an unconditional guarantor of the debts referred to in this Complaint.

## JURISDICTION AND VENUE

7.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because all Plaintiffs are citizens of different states from all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs in satisfaction of the requirements of 28 U.S.C. § 1332(b).

8.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District and because Defendant's principal place of business is within this District.

## FACTS

9.  On or about September 26, 2016, Noah Bank made the Loan to Bistro in the amount of $2,000,000 and Bistro executed a promissory note ("Note"), (a copy of which is annexed hereto as **Exhibit A**) providing among other things:

    (a)    that interest would accrue on the outstanding principal balance of the Loan at an initial rate of 4.50% per year, to be adjusted thereafter as set forth in the Note;

    (b)    That Bistro was to make monthly payments to Noah Bank in the amount of $20,813.35 beginning on November 5, 2016 for a period of 59 months and one last payment estimated at $1,125,464.39 due on October 5, 2021.

    (c)    That Noah Bank would be entitled to charge a late fee equal to 5.00% of the unpaid portion of the regularly scheduled payment if any monthly payment were 11 days or more overdue;

    (d)    That Bistro would be in default if it failed to meet any of his obligations as set forth in the Note;

(e)     That in the event Bistro was in default of its obligations under the Note, Noah Bank had the right to require immediate payment of all amounts owing (*i.e.* acceleration) under the Note and to file suit and obtain judgment with respect thereto; and

(f)     That Bistro would be liable for costs incurred by Noah Bank in its efforts to enforce the terms of the Note and/or collect amounts due thereunder, including an attorneys' fees and costs and expenses incurred by Noah Bank in the enforcement of any obligation under the Note.

10. As further security for the repayment of the indebtedness evidenced by the Note, Bistro executed a Security Agreement under which it pledged all of its personal property to Noah Bank and gave Noah Bank the right to take possession of same in the event of default, and under which Noah Bank filed a UCC-1 Financing Statement with the appropriate office in the State of New York. (see copy of Bistro's Security Agreement annexed hereto as **Exhibit B**).

11. On or about March 26, 2016, to induce Noah Bank to extend the Loan to Bistro, 52 JP unconditionally guaranteed payment of all amounts due under the Note (*see* copy of 52 JP's Commercial Guarantee annexed hereto as **Exhibit C**).

12. As of March 5, 2018, Bistro has failed to comply with the terms and conditions of the Note by, *inter alia,* failing to make the scheduled payment to Noah Bank, and is accordingly in default.

13. Noah Bank, on October 5, 2018, made a demand on Bistro and 52 JP for payment of all amounts outstanding under the Note, but no payment has been made.

14. To date, Bistro has not made any payment to Noah Bank of the amount due stated above, or otherwise cured any default. Accordingly, Noah Bank has elected to call due the entire amount due under the Note.

15. As of October 5, 2018, Bistro was indebted to Noah Bank, pursuant to the Note, in the

amount of in the amount of $1,780,344.14, representing $1,698,563.22 in principal, $77,463.70 in interest, and $4,317.22 in late fees, plus costs and attorney's fees incurred by Noah Bank as a result of these defaults, which are now due and owing and will continue to accrue until full payment is received by Noah Bank.

## Count One
## Note Action (against Bistro)

16. Noah Bank repeats and reasserts all of the allegations in the preceding paragraphs as if set forth completely here.

17. Pursuant to the Note, Bistro promised to pay Noah Bank all amounts due under the Note, including all attorney fees and costs of collection incurred by Noah Bank in connection with enforcement of the Note and/or collection of sums due thereunder.

18. Notwithstanding Noah Bank's demand following the default of Bistro under the Note, defendant Bistro has failed to pay Noah Bank the outstanding sums due under the Note, nor has any Guarantor made any payments to Noah Bank.

## Count Two
## Action for Accounts Stated

19. Noah Bank repeats and reasserts all of the allegations in this Complaint as if set forth completely here.

20. On or about September 26, 2016, pursuant to the Note, as detailed above, Noah Bank loaned Bistro $2,000,000.00 at its request and upon its promise to repay the same, with interest.

21. Bistro defaulted as stated above.

22. Although payment of the balance owing has been duly demanded, no part thereof has been paid by Bistro or by any guarantor.

## Count Three
### Action on Guarantee (Against 52 JP)

23. Noah Bank repeats and restates each of the allegations in this Complaint as though more fully set forth herein.

24. To induce Noah Bank to extend the Loan to Bistro, 52 JP executed and delivered a written guaranty to Noah Bank wherein it undertook to pay Noah Bank all sums that might become due to Noah Bank under the Note.

25. In reliance upon this guarantee, Noah Bank extended the Loan to Bistro, as evidenced by the Note.

26. Noah made demand on the guarantor, 52 JP, for payment of all amounts outstanding under the Note, but no payment has been made.

WHEREFORE, the plaintiff, NOAH BANK, demands judgment against the defendants, Bistro and 52 JP, jointly and severally on each of Counts One and Two, and against 52 JP on Count Three, as follows:

(a)     accelerating all sums due to Noah Bank by defendants;

(b)     for the sum of $1,780,344.14, due for outstanding principal, interest, and late fees under the Note as of the close of business October 5, 2018;

(c)     for accrued interest under the Note, and/or prejudgment interest running from the date of this Complaint until the date of judgment in accordance with the Note;

(d)     for late fees in accordance with the Note;

(e)      for attorneys' fees and all other costs of collection, to the fullest extent provided for by the Note and applicable law;

(f)     for costs of suit;

(g)     for a judgment ordering Bistro, and all parties in possession or control of the

personal property, tangible or intangible belonging to Bistro to convey promptly such property to the control of Noah Bank for appropriate disposal pursuant to the terms of the aforementioned Security Agreement and applicable law; and

(h)     for such other relief as to this Court seems proper.

The Basil Law Group, P.C.


By:     /s Robert J. Basil
ROBERT J. BASIL
1270 Broadway, Suite 305
New York, New York 10001
Telephone: (917) 512-3066
Email: robertjbasil@rjbasil.com

Dated: New York, New York
October 16, 2018